By the Court.—Freedman, J.
All the allegations of conspiracy, fraud, collusion and concealment stated in the complaint having been denied in the answer to which the plaintiff has demurred, the facts still available to the plaintiff may be summed up as follows :
The plaintiff sues as assignee of the claims of certain creditors who are residents of the state of Massachusetts, and who, in the year 1885 proved their demands in an Insolvency Court of that state *212 against the defendant Enel Philbrook. The Insolvency Court was a court of record and had full jurisdiction over the matters contained in Philbrook’s petition for a discharge. The assignment of the said creditors to the plaintiff was not made until 1887. Philbrook was a voluntary insolvent petitioner in the Massachusetts proceedings, and in the course of such proceedings the defendant Euel W. Thompson was duly appointed assignee for the benefit of creditors. By the law of Massachusetts the assignment vested in Thompson all the property of Philbrook which he could have lawfully sold, assigned or conveyed, or which might have been taken on execution against him, and also his rights of action. •Philbrook included in his schedule of assets “ one-fourth contingent interest in patent No. 42,920,” which patent was for an improvement in fire engines. This item was stated as “of no value.” It was duly appraised as of no value by appraisers duly appointed, and subsequently, upon due notice, duly sold at public auction in the course of the proceedings by Thompson, as assignee, to the defendant Albert H. Smith, as the highest bidder therefor, for the sum of two dollars. Smith then was, and how is, the son-in-law of Philbrook. In May, 1885, Philbrook obtained from said Court of Insolvency a full discharge from all debts proved against his estate, and from all debts held by residents of the commonwealth of Massachusetts, which said discharge he pleads as a bar to the present action, on the ground that the creditors represented by the plaintiff were residents of Massachusetts and parties to the insolvency proceedings, and as such proved their claims against him and shared in the proceeds. To overcome this plea the plaintiff relies upon the fact that, since the said sale to Smith, the latter has not attempted to exercise any right or control over, or to assert any interest in or to said one-fourth *213 contingent interest in the said letters patent, but that he has allowed Philbrook to litigate claims for infringement of said letters patent during the life of the patent. Concerning this claim Philbrook says in his answer :
“ That at the time when he filed his petition in insolvency, as aforesaid, he was an assignee in trust of certain rights, recoveries and choses in action, created by an instrument dated the 20th day of May, 1884, for infringement of said letters patent during the term of their existence, a period of seventeen years, said patent having expired on the 24th day of May, 1881; that the condition of said trust was that he was to prosecute all claims that had arisen by reason of the infringements of said letters patent during their said term of existence, and pay all the expenses of such prosecution, and when all expenses of such prosecution had been paid from such sums as he held in excess of the necessary expenses aforesaid, he was to have and enjoy as his own separate property one-fourth interest in all recoveries ; * * * * that at no time since he was trustee, as aforesaid, has there been any fund in his hands for distribution; that at the time when he filed his proceedings in insolvency, as aforesaid, he had never received as much as one dollar by reason of the assignment of May 20th, 1884, and that on the 13th day of October, 1884, the only interest that he had in and to the rights and recoveries specified in his said assignment was that of trustee, and that interest he has continued to hold until the present time, and is now, so far as within his power, prosecuting said suits to final decree to obtain the rights and recoveries arising by reason of the infringements aforesaid.”
Upon this state of facts the plaintiff demands judgment: 1. That said discharge granted by the Court of Insolvency within and for the county of Suffolk, in *214 the commonwealth of Massachusetts, on or about the 29th day of May, 1885, to the defendant Philbrook be adjudged null, void and of no effect as against plaintiff and as a bar to the debts proved against his estate aforesaid. 2. That it be adjudged and decreed that all right, title and interest of said defendant Phil-brook, which he had on the 13th day of October, 1884, in or to one-fourth contingent or other interest in letters patent of the United States, number 42,920, or any suits, demands, rights or causes of action for or because of infringements thereof are subject to a lien in favor of this plaintiff to the extent of the claims assigned to him as aforesaid and interest thereupon; and that the sale and conveyance to said Smith is null, void and of no effect. 3. That a receiver be appointed herein to take possession and control of all said right, title and interest, and that he have power to interplead and be substituted in all the suits at law and ih equity aforesaid as fully as said defendants Philbrook, Thompson or Smith are or may lawfully be in his or their name, place and stead: and to hold and prosecute the same subject to the direction of this court. 4. That the defendants, their and each of their attorneys, counsel, agents, employes and all persons acting by their and each of their appointment, or authority, be during the pendency of this action and permanently enjoined and restrained from selling, assigning, transferring, receiving, collecting, discharging, incumbering or in any manner disposing of or interfering with said one-fourth interest in letters patent of the United States, number .42,920, or in any of said suits at law or in equity or any cause of action therein or in any manner inter-meddling or proceeding in said actions or suits or either of them, &c., &c.
I fail to perceive how the plaintiff, upon the foregoing state of facts admitted by the demurrer, can have the relief claimed, or any part thereof.
*215 The Court of Insolvency of the state of Massachusetts having, as a court of record, obtained full jurisdiction over the matters embraced in Philbrook’s petition, and over the persons of plaintiff’s assignors by reason of their appearance and submission to the jurisdiction of the court, and the proof of their- claims, and there having been no conspiracy, fraud, collusion or concealment in the proceedings, full faith and credit must be given to the judgment of said court, and the said judgment, and the discharge granted thereby, must be held to be conclusive between the parties and a bar to any other action founded on a matter involved therein and determined by it. A controversy between citizens of the same state cannot, after its final determination by the courts of that state, be re-opened or reviewed in another state in •consequence of a mere assignment by a party to the controversy to a citizen of another state. No such assignor can convey a greater title than he himself possesses.
There are still other reasons why the plaintiff must fail upon the case as it stands :
If Philbrook’s interest in the letters patent was assignable at all, it passed to his assignee, and was by the latter duly sold to Smith as the highest bidder therefor. By that sale the title to such interest became vested in Smith. In the absence of conspiracy, fraud, collusion and concealment, the sale cannot be disturbed, and it was competent thereafter for Smith to relinquish the subject of his purchase to Philbrook.
But even if there had been some irregularity or inadequacy in the appraisement or sale, for which the sale could be set aside in the exercise of the discretion of the court and a re-sale ordered, it is too clear for argument that no other court than the Insolvency Court can make such an order.
In conclusion it should be pointed out that, whatever interest Philbrook really had in the said letters *216 ■patent, depended upon a certain contract, a copy of which was set forth by him in full in his answer. By that it appears that his interest was purely speculative ; that it was in trust to him ; that it depended upon the ultimate success of litigations then pending and thereafter to be brought; and that such ultimate success was dependent upon his personal exertions and upon his ability to raise and procure the necessary funds with which to pay the necessary expenses. Such an interest was a personal trust based upon personal services to be thereafter rendered, and as such it could not be assigned. His duties as such trustee could not be renounced by an assignment to his assignee in insolvency without the consent of his cestuis que trust; and, consequently, notwithstanding the assignment, his assignee could not, and did not, become a trustee in his stead with power to sell the • trusteeship at public auction to the highest bidder.
Thus it has been shown that, in whatever aspect the case as left by plaintiff’s demurrer is considered, the plaintiff has no cause of action. In no aspect of it will the law, in the face of Philbrook’s specific denials and explanations, raise an implied trust in favor of plaintiff’s assignors or sustain an implication of fraud for their benefit.
The order and interlocutory judgment should be affirmed with costs, with leave to plaintiff to withdraw his demurrer on payment of such costs and of the costs below;.
Sedgwick, Ch. J., and Truax, J., concurred.

 Upon a motion to continue a preliminary injunction granted in the action the following opinion was delivered.
Tbxjax, J. (after reciting the facts):—The plaintiff claims that in some. *205 way the defendant Philbrook has become re-possessed of said patent, and that he now claims to be the owner and holder thereof; and that the sale by the assignee of said Philbrook under the insolvent proceedings in Massachusetts was fraudulently made; and he seeks to have said sale, as well as the discharge of said Philbrook by the Insolvent’s Court, set aside as fraudulent and void against the plaintiff and his assignors; and he asks that an injunction may be issued restraining the defendants from disposing of or in any way interfering with the said patent and of the rights acquired by him under the assignment above referred to.
I have no doubt but that in a proper case a court of this state could refuse to be bound by the decree of a court of another state, which decree was obtained by fraud. But I am also of the opinion that this is not a case in which this court should refuse to be bound by the decree of the Insolvent’s Court of Massachusetts.
It was said in Smith v. Nelson, 62 N. Y. 288, that “ the jurisdiction in one court to vacate in an independent proceeding the judgment of another having power to render it, is in its nature so extraordinary as to demand a close adherence to principles and precedents in exercising it.”
Judge Folger, in Verplanck v. Van Buren, 76 N. Y. p. 254, states the general principle to be that “ fraud and imposition invalidate a judgment as they do all acts,” and then pertinently asks what fraud and imposition are they which so do ? »
*206 He there shows that the fraud and imposition which will warrant a court in setting aside a judgment are the fraud and imposition which were used in obtaining the decree, and that the fraud must have been unknown to the opposite party at the time, and for not knowing which he is not chargeable with neglect or inattention, and of w'hich, had he known it, he could have availed himself in the court giving the judgment.
How the only fraud charged here consists in estimating the value of Pliilbrook’s interest under that patent at a nominal amount, and in selling his interest for a nominal sum.
I cannot see that the defendant Philbrook was guilty of any fraud in estimating his interest under the assignment of the aforesaid patent at a nominal amount. Whether or not he had any interest depended upon the ultimate success of litigations then pending, and thereafter to be brought. It does not appear, although more than three years have elapsed since the 13th day of October, that anything has been realized by said Philbrook or his assignees under said patent. His interest under the assignment of the patent was purely speculative, and in determining whether a fraud was committed in valuing it and selling it for a nominal sum we must consider things as they were at the time the valuation and sale was made.
Besides he disclosed whatever property, if any, he had under the assignment, and the insolvent laws of Massachusetts provided a way by which the value of the property could be ascertained. He had disclosed his property, and I cannot say that he practiced a fraud having disclosed all his property, by simply undervaluing it.
I have treated this matter as though he had a property interest under the assignment. It is to be noticed, however, that the assignment is to him in trust, and that he gets nothing under the assignment unless he succeeds in his claims against the infringers of the patent.
The opinion above expressed is not in conflict with the decision in the case of Clark v. Clark, 17 Howard’s U. S. Repts. 315; it appears from the opinion in that case that the bankrupt did not mention in his first schedule his claim against the Republic of Mexico, while in this case the claim was mentioned by Philbrook. It is true in the Clark case that the bankrupt in his amendment did refer to the claim, but this was after he had received his discharge in bankruptcy.
*207 The plaintiff also seeks to set aside the assignment from Philbrook to Thompson, and the sale by Thompson to Smith as having been made with the intent to hinder, delay and defraud the creditors of Philbrook, but that action cannot be maintained by this plaintiff because he represents creditors who are not judgment creditors, and it is well settled by the laws of this state that such an action can be maintained only by a judgment creditor.
I do not think that in a case of this kind where the plaintiff’s cause of action is, to say the least, so doubtful, that an injunction which rests largely in the discretion of the court should be granted. •'
Motion to continue the injunction denied, and the temporary injunction vacated, with $10 costs.